**H. L. GREEN COMPANY, Inc., Plaintiff,**
**v.**

Lewie F. CHILDREE, Homer E. Kerlin and James R. Lawrence, individually and as co-partners doing business under the firm name and style of Lewie F. Childree & Company, and Herschel Harris, Defendants.

United States District Court
S. D. New York.
June 3, 1960.

**96**

Milbank, Tweed, Hope & Hadley, New York City, Janet P. Kane, New York City, of counsel, for plaintiff.

Tompkins & Lauren, New York City, Herbert Edelhertz, New York City, and Willis C. Darby, of counsel, for defendants Lewie F. Childree, Homer E. Kerlin, and James R. Lawrence.

HERLANDS, District Judge.

This is an action for damages under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b). Plaintiff is a corporation which issued its stock in exchange for the stock of another corporation. Defendants are certified public accountants who, according to the complaint, knowingly prepared false financial statements and made other misrepresentations with intent to induce plaintiff to enter into the merger.

Defendants move to dismiss the complaint on the ground that the complaint does not state a claim under the Act and that, therefore, this court has no jurisdiction of the cause. The motion is based on the contentions (1) that the transaction was a merger and not a "purchase or sale" of "securities" within the Act, and (2) that preparation of a false and misleading financial statement by an accountant does not make him a participant in a sale induced by the use of such a statement.

"Merger" is not a term of fixed and definite content. A transaction properly so described may or may not involve a purchase and sale within the meaning of Section 10(b) of the Act. The transaction in the case at bar appears to be a "purchase and sale." See the broad statutory definitions, Sections 3(a) (13) and (14) of the Act, 15 U.S.C.A. § 78c(a) (13) and (14). See Errion v. Connell, 9 Cir., 1956, 236 F.2d 447–454, where the court said that the Act created a federal remedy for one who has been defrauded of his securities.

The complaint alleges that these defendants knowingly did acts pursuant to a conspiracy to defraud. Their status as accountants and the fact that their activities were confined to the preparation of false and misleading financial statements and representations does not immunize these defendants from civil suit for their alleged participation. The extent and culpability of that participation must be determined on the trial.

Defendants' request for an order allowing interlocutory appeal herein, pursuant to 28 U.S.C.A. § 1292(b), is denied. The court is not of the opinion that there is substantial ground for difference of opinion as to these questions of law.

Defendants' motion is denied in all respects. So ordered.