Harriet B. SAWYER, Plaintiff,

v.

PIONEER MILL COMPANY, LTD., a corporation, C. H. Smith, H. C. Eichelberger, J. E. Ednie, H. A. Walker, Jr., M. A. Pietschman, F. W. Broadbent, Howard Butcher, III, J. Russell Cades, L. S. Dillingham, J. J. Jepson, R. R. Midkiff, H. V. von Holt, Defendants.

Civ. No. 1863.

United States District Court
D. Hawaii.

Nov. 28, 1960.

Bouslog & Symonds and Harriet Bouslog, Honolulu, Hawaii, Kenny, Morris &

o. Originated.

Ibanez and Robert W. Kenny, Los Angeles, Cal., for plaintiff.

Smith, Wild, Beebe & Cades, Honolulu, Hawaii, J. Russell Cades, Honolulu, Hawaii, for defendants.

TAVARES, District Judge.

A verified complaint was filed praying that the defendant "be enjoined and restrained permanently and during the pendency of this action" from holding a special stockholders' meeting scheduled to be held on November 29, 1960, and from using proxy material in the form attached to the complaint, and from using the proxies obtained by the defendants, and asking that the proxies "be impounded by this Court." Attached to the complaint was a motion for preliminary injunction.

The proxy material attached to the complaint consists of 68 printed pages compiled under various headings, among others, General Information, Purposes of the Meeting, Reasons for the Plan of Reorganization, Material Features of the Proposed Plan of Reorganization, Rights of Dissenting Stockholders, Stock Exchange Listing, History and Business of American Factors, Limited, Executive Stock Option Plan, History and Business of Pioneer Mill Company, Limited, History and Business of Oahu Sugar Company, Limited; it contains financial statements of each of the above corporations certified by opinions of independent Public Accountants, copies of the Agreement of Merger, copies of Amended Articles of Association of American Factors, Limited, copies of an Appraisal Report by a committee consisting of George M. Collins, Ralph B. Johnston and Richard W. Kellett.

The alleged basis of jurisdiction is that the action arises under Section 14 (a) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78n(a)). By oral amendment allowed in open court this was amended to also embrace Section 10 of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78j and Rule X–10B–5 (C.F.R. § 240.10b–5)), and jurisdiction was claimed under the provisions of Section 27 of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78aa).

Defendants filed a return to the motion for preliminary injunction in which they denied jurisdiction of the Court over the subject matter; averred that the complaint fails to state a claim upon which relief can be granted; averred that indispensable parties have not been joined; averred that the complaint was without equity; that the plaintiff is seeking by this action to secure for herself preferential treatment and that she does not come into this Court with clean hands; averred that exclusive remedy is provided by statute of the State of Hawaii. Attached to the return was an affidavit of the Vice President of Pioneer Mill Company, Limited. The affidavit sets forth generally facts to sustain the return and denies all wrongdoing alleged in the complaint.

The pertinent part of the affidavit referring to the jurisdiction reads: "that the capital stock of said corporation is not now and has never been registered pursuant to the Securities Act of 1934 on any national securities exchange." In the proxy statement attached to the complaint appears the following statement: "The Capital Stock of American Factors, Limited distributable as a result of the merger is listed but not registered on the Honolulu Stock Exchange and is traded though unlisted on the San Francisco Division of the Pacific Coast Stock Exchange."

The plaintiff introduced no evidence as to jurisdiction, and the taking of evidence on the remaining issues including that of unclean hands was held unnecessary by the Court. There has been filed in the cause as court exhibits an order of the Securities and Exchange Commission dated November 5, 1935 exempting the Honolulu Stock Exchange from registration under the provisions of the Securities Exchange Act of 1934 as a national securities exchange and an order dated March 6, 1943, the effect of which is to provide specifically that Section 14 of the Securities Exchange Act relating to proxy solicitation shall not be applicable

to issuers of stock on the Honolulu Stock Exchange. As evidence of her good faith the plaintiff showed the Court that in the Hawaiian Securities Manual, a publication circulated generally in Hawaii, appeared the language under Pioneer Mill Company, Limited as follows: "Stock Listed: Honolulu Stock Exchange and Pacific Coast Stock Exchange, Unlisted trading."

There seems to be no dispute that the stock of Pioneer Mill Company, Limited is in fact traded as an unlisted security on the San Francisco Division of the Pacific Coast Stock Exchange. It is also not disputed that the stock has never been listed on the Pacific Coast Stock Exchange.

After the question of jurisdiction had been submitted, the Court denied a motion by the plaintiff to amend the complaint in open court which would add, in the alternative, a prayer for rescission of the merger contract if approved at the stockholders' meeting.

On the basis of the record made herein the Court makes the following findings of fact and conclusions of law:

1. That the capital stock of said corporation has been and is now listed on the Honolulu Stock Exchange.

2. That the capital stock of the corporation has not been registered pursuant to the Securities Exchange Act of 1934 on the Honolulu Stock Exchange.

3. That the capital stock of said corporation is not now and has never been listed on the Pacific Coast Stock Exchange.

4. That the capital stock of said corporation is not now and has never been registered pursuant to the Securities Act of 1934 on the Pacific Coast Stock Exchange.

5. That the capital stock of said corporation is admitted to unlisted trading privileges on the Pacific Coast Stock Exchange.

6. That the Honolulu Stock Exchange has been exempted by order of the Securities and Exchange Commission dated November 5, 1935, as amended by order dated March 6, 1943, from registration under the provisions of the Securities Exchange Act of 1934 as a national securities exchange.

7. That pursuant to the provisions of Rule X–12F–4 adopted by the Securities and Exchange Commission August 29, 1934, and amended by amendments issued March 16, 1935, December 15, 1935 (see, par. 25, 554 of the CCH Federal Securities Law Reporter), the Securities and Exchange Commission has specifically provided that any security for which unlisted trading privileges on any national securities exchange have been continued or extended pursuant to Section 12(f) (15 U.S.C.A. § 78*l*) shall be exempt from the operation of Section 14 unless such security is also registered as a listed security on any other national securities exchange.

8. That the solicitation of proxies by the defendants was for the purpose of effecting a corporation reorganization in accordance with the provisions of the Corporation Law of the State of Hawaii permitted by Chapter 173, Revised Laws of Hawaii 1955, as amended, and not for the purpose of effecting a purchase or sale of any security.

### Conclusions of Law

1. That the Court has no jurisdiction over the subject matter of this suit arising under the provisions of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78n(a).

2. That the Court has no jurisdiction over the subject matter of this suit arising under the provisions of Section 10 of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j as implemented by Rule X–10B–5 (17 C.F.R. § 240.10b–5).

Wherefore, it is ordered that the complaint herein be and the same hereby is dismissed with costs to the defendants.