**NEW PARK MINING COMPANY and East Utah Mining Company, Plaintiffs,**

v.

**William Henry Harrison CRANMER, Robert L. Cranmer and Peter Joralemon, Defendants.**

United States District Court
S. D. New York.
Nov. 1, 1963.

Landis, Feldman, Reilly & Akers, New York City, Strong & Hanni, Salt Lake City, Utah, for plaintiffs.

Kelley, Drye, Newhall & Maginnes, New York City, for defendants.

BONSAL, District Judge.

Plaintiffs New Park Mining Company (New Park), a Nevada corporation, and East Utah Mining Company (East Utah), a Utah corporation, both having their principal places of business in Utah, bring this action against three of their former officers and directors. The defendants, W. H. H. Cranmer, R. L. Cranmer and Peter Joralemon, are citizens of New York, Colorado and California respectively. It is stated by affidavit that the capital stock of plaintiff New Park is listed on the American Stock Exchange (New York), and was so listed throughout the period of time covered by the complaint.

The complaint alleges six causes of action, three charging defendants with breach of their common law fiduciary duty to plaintiffs, and three charging fraud under the Securities Act of 1933 (the 1933 Act) and the Securities Exchange Act of 1934 (the 1934 Act). Jurisdiction is founded on (1) diversity of citizenship (28 U.S.C. § 1332) and (2) the 1933 and 1934 Acts.[1] The complaint was filed on May 1, 1963, and personal service of the summons and complaint was made upon defendant W. H. H. Cranmer in New York on May 1, 1963; upon defendant R. L. Cranmer in Colorado on May 6, 1963; and upon defendant Peter Joralemon in California on June 5, 1963.

There are three transactions described in the complaint, and as to each transaction plaintiffs allege two causes of action: (1) a common law cause of action for breach of defendants' fiduciary duty to plaintiffs, and (2) an action for fraud under Section 17(a) of the 1933 Act (15 U.S.C. § 77q(a)), and Section 10(b) of the 1934 Act (15 U.S.C. § 78j(b)) and

Rule 10b-5 promulgated pursuant thereto (17 C.F.R. 240.10b-5).

Defendants have moved before answer, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss all the causes of action set out in the complaint except the common law causes of action against defendant W. H. H. Cranmer, a resident of the State of New York. Defendants move on the following grounds:

(1) That the causes of action based on the 1933 Act and the 1934 Act do not state claims upon which relief can be granted;

(2) That even if these causes of action are sustained, venue is improper as to the two defendants who are not citizens of the State of New York; and

(3) That the common law causes of action against the two defendants who are not citizens of the State of New York must fall since personal jurisdiction was not acquired over these defendants within this district.

The three transactions which are alleged by the plaintiffs took place at a time when the defendants W. H. H. Cranmer and R. L. Cranmer were officers and directors of both plaintiff companies, and defendant Joralemon was Mining Superintendent and a director of plaintiff New Park. The causes of action founded on the first transaction are alleged by plaintiff New Park against all three defendants. The causes of action founded on the second transaction are alleged by plaintiff New Park against the defendants W. H. H. Cranmer and R. L. Cranmer. The causes of action founded on the third transaction are alleged by both plaintiffs against the defendants W. H. H. Cranmer and R. L. Cranmer.

The three transactions which are the subject matter of the complaint are as follows:

(1) That in 1954 the owners of the Lucky Mc uranium mining claims in Wyoming interested plaintiff New Park,

1. Section 22 of the 1933 Act, 15 U.S.C. § 77v, and Section 27 of the 1934 Act, 15 U.S.C. § 78aa.

264

through defendant W. H. H. Cranmer, its president, in the Lucky Mc claims; that the defendants caused New Park to expend monies and to utilize its personnel to explore and develop the claims; that thereafter the owners of the Lucky Mc claims offered plaintiff New Park an option to acquire a controlling interest in the Lucky Mc claims and proposed that New Park enter into a joint venture with the owners for the development of the claims; that thereafter the owners transferred the Lucky Mc claims to Lucky Mc Uranium Corporation, a Nevada corporation, and the defendants by reason of their control of plaintiff New Park and with the use of its assets, caused plaintiff New Park to purchase for good and valuable consideration 160,000 shares of Lucky Mc stock, and were able to cause 310,000 shares of Lucky Mc stock to be issued to the defendants personally for no consideration or a purely fictitious consideration, and that each defendant converted the stock he so received to his own use, violating his fiduciary duty to plaintiff New Park.[2]

(2) That in 1956 or January 1957 Great Western Mining Company, a Utah corporation, was prepared to lease certain mining claims in Utah to plaintiff New Park, and that defendant W. H. H. Cranmer, in violation of his fiduciary duty to New Park, caused one H. W. Myers to acquire the lease of the mining claims in his own name and that of plaintiff New Park on February 5, 1957, the consideration for the lease having been furnished solely by plaintiff New Park; that thereafter, pursuant to an alleged agreement between defendant W. H. H. Cranmer and Myers, the former caused New Park to acquire Myers' interest in the lease for 40,000 shares of New Park stock, having a value of $1.00 per share, and that at or about the same time defendants W. H. H. Cranmer and R. L. Cranmer caused plaintiff New Park to purchase from Carl D. Hopper 25,000 shares of New Park stock at a price of $2.02 per share, being substantially in excess of its market value; and that thereafter Myers transferred in excess of 11,000 of the 40,000 shares acquired by him to defendant W. H. H. Cranmer, without consideration. Defendant R. L. Cranmer is charged with conspiring with defendant W. H. H. Cranmer to effect these transactions by New Park, and both defendants are alleged to have wrongfully concealed the pertinent facts from the plaintiff New Park;

(3) That on or about September 16, 1957 the defendants W. H. H. Cranmer and R. L. Cranmer caused plaintiffs New Park and East Utah to enter into an agreement pertaining to the exploration and development of the Yale Gold Mining claims in Nevada, which claims were transferred to Yale Gold Mining Company, a Nevada corporation. In violation of their fiduciary duty to plaintiffs, the two Cranmers are alleged to have caused the plaintiffs to believe that each company would acquire a 50% interest in the Yale Gold Mining Company, and to have concealed from the plaintiffs that the Cranmers were to have an interest in the venture. As a consequence, plaintiff New Park was induced by defendants to expend between September 15, 1957 and December 31, 1961, the sum of $71,201.-26, and the plaintiff East Utah was induced to expend during the same period the sum of $70,523.91, for the exploration and development of the Yale Gold Mining properties, and that these sums were lost when the exploration and development proved unsuccessful.

As previously stated, the plaintiffs assert one cause of action for breach of common law fiduciary duty, and a second cause of action for fraud under the 1933 Act and the 1934 Act in connection with each of the foregoing transactions. As to the first transaction, the defendants are charged with causing plaintiff New Park to purchase for good and valuable consideration 160,000 shares of Lucky Mc stock; that they defrauded plaintiff

---

**2.** Defendant W. H. H. Cranmer is alleged to have accepted 235,000 shares, defendant R. L. Cranmer 50,000 shares and defendant Joralemon 25,000 shares.

New Park through "the establishment of a fictitious interest" by the defendants in certain properties of Lucky Mc and by failing to disclose that they also had received Lucky Mc stock, and by failing to disclose that the former owners had offered an option on the claims to the plaintiff New Park. Plaintiff New Park charges that the defendants' conduct violated the 1933 and 1934 Acts and that, as a result, "plaintiff New Park was deprived of certain shares of stock of Lucky Mc and acquired a number far less than those to which it was entitled under and pursuant to the option described * * * above".

As to the second transaction, plaintiff New Park charges violations of the 1933 Act and the 1934 Act by reason of the failure of the defendants Cranmer to disclose to plaintiff New Park the willingness of Great Western to lease its claims directly to New Park; failure to disclose the agreement between defendant W. H. H. Cranmer and Myers; "the establishment by defendants of a fictitious interest in certain properties of New Park"; and the failure to disclose the price paid for the 25,000 shares of its stock acquired by New Park.

As to the third transaction, plaintiffs charge that in causing the plaintiffs to acquire the Yale Gold shares the two Cranmers concealed that they had an interest in Yale Gold and fraudulently led the plaintiffs to believe that they would each have a 50% interest in Yale Gold, when such was not the case.

With respect to each of the three transactions, it is alleged that in pursuing their fraudulent activities defendants employed the mails and instrumentalities of interstate commerce.

The parties agree that if the second, fourth and sixth causes of action, which are the 1933 Act and 1934 Act causes of action on the three transactions, fail to state claims upon which relief can be granted, that the defendants R. L. Cranmer and Peter Joralemon are entitled to the dismissal of the complaint as against them since in such event the special venue and service of process provisions of the 1933 and 1934 Acts [3] are not available to the plaintiffs. Defendants R. L. Cranmer and Peter Joralemon urge that even if the causes of action founded on the 1933 Act and the 1934 Act are sufficient, the complaint must nevertheless be dismissed against them because venue as to the second, fourth and sixth causes of action is improper under the provisions of the 1933 and 1934 Acts, and because there is no basis for venue as to the common law causes of action asserted against them.

In determining whether a complaint states a claim upon which relief may be granted the factual allegations of the complaint must be taken as true and must be construed most favorably to plaintiff, and a claim should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. 2 Moore, Federal Practice 2244 (2d ed. 1962).

The Court holds that the second, fourth and sixth causes of action state claims under Section 10(b) of the 1934 Act and Rule 10b-5 promulgated pursuant thereto upon which relief can be granted. Accordingly, defendant W. H. H. Cranmer's motion to dismiss the second, fourth and sixth causes of action as to him must be denied.[4] The Court holds that as to the defendants R. L. Cranmer and Peter Joralemon venue in this district is not proper as to any of the causes of action alleged against them and, accordingly, the complaint will be dismissed as to said defendants.

---

3. Section 22 of the 1933 Act, 15 U.S.C. § 77v, and Section 27 of the 1934 Act, 15 U.S.C. § 78aa.
4. These causes of action probably also state claims under Section 17(a) of the 1933 Act upon which relief can be granted, but it is not necessary to determine this.

Section 10(b) of the 1934 Act is as follows:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

\* \* \* \* \* \*

"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule 10b–5, promulgated under Section 10(b), provides:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(a) To employ any device, scheme, or artifice to defraud.

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

■ A claimant under Section 10(b) and Rule 10b–5 must be either a purchaser or a seller of securities; third persons cannot assert claims based upon purchases or sales to which they were not a party. Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir.), cert. denied 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952); Kremer v. Selheimer, 215

F.Supp. 549 (E.D.Pa. March 30, 1963). A corporation as a purchaser or seller of stock may assert a claim under Section 10(b) and Rule 10b–5, Hooper v. Mountain States Securities Corp., 282 F.2d 195 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961); Pettit v. American Stock Exchange, 217 F.Supp. 21 (S.D.N.Y. April 15, 1963). Here the plaintiff corporations were purchasers or sellers of stock.

■ A purchaser or seller of stock is not limited under Section 10(b) and Rule 10b–5 to an action against the other party to the purchase or sale; he can sue a third person if in connection with the purchase or sale that person defrauded him. Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir. 1951); Pettit v. American Stock Exchange, supra; Cochran v. Channing Corporation, 211 F.Supp. 239 (S.D.N.Y.1962); H. L. Green Co. v. Childree, 185 F.Supp. 95 (S.D.N.Y.1960). It is immaterial whether the purchase or sale was part of a larger scheme of corporate mismanagement if the elements of a claim under Section 10(b) and Rule 10b–5 are otherwise present. Cf. Pettit v. American Stock Exchange, supra, 217 F.Supp. at 25. Were this not the rule, corporate officers and directors would possess an immunity from the consequences of their fraud under Section 10(b) and Rule 10b–5 which outsiders who may have collaborated with them in defrauding the corporation would not possess, cf. Pettit v. American Stock Exchange, supra.

■ The second cause of action charges defendants with fraud in connection with New Park's purchase of 160,000 shares of Lucky Mc stock. The complaint alleges the defendants received 310,000 shares of Lucy Mc stock without consideration, and if the allegations of the complaint are construed most favorably to plaintiffs, as they must on this motion, it follows that the value of the 160,000 shares of Lucky Mc stock which New Park purchased was reduced thereby. Hence the fraud, if established, relates to the purchase of stock by plaintiff

New Park. Therefore the second cause of action is sufficient.

■ The fourth cause of action charges defendants with fraud in causing New Park to purchase 25,000 shares of its stock at too high a price and to issue 40,000 shares of its stock at a substantially lower price for assets to which New Park was already entitled. These allegations state a claim under Section 10(b) and Rule 10b–5.

■ The sixth cause of action also sufficiently alleges that plaintiffs were defrauded by defendants in connection with their purchase of a security,[5] and states a claim under Section 10(b) and Rule 10b–5. Whether the expenditures which plaintiffs seek to recover are sufficiently connected with plaintiffs' agreement to purchase securities of Yale Gold to warrant such recovery under Rule 10b–5 cannot be decided against plaintiffs on this motion, since as noted above, the allegations of the complaint must be construed most favorably to plaintiffs.

Passing to the issue of venue, under Section 27 of the 1934 Act an action under Section 10(b) and Rule 10b–5 may be brought "in the district wherein any act or transaction constituting the violation occurred" or "in the district wherein the defendant is found or is an inhabitant or transacts business".[6] Plaintiffs assert that venue in this district as to the second, fourth and sixth causes of action is proper under this section as to defendants R. L. Cranmer and Peter Joralemon on the ground that this district is one within which an act or transaction constituting the violation of Rule 10b–5 occurred, the act or transaction

being New Park's failure to file accurate 8–K and 10–K reports with the American Stock Exchange in New York City with respect to the three transactions here involved.[7]

■ Plaintiffs have not shown that defendants failed to cause New Park to file 8–K and 10–K reports with the American Stock Exchange, nor have they alleged facts to show that such reports were false or misleading. However, whatever the truth may be, these reports are not a part of the alleged fraud perpetrated by the defendants on the plaintiffs. Indeed the fraudulent transactions, if proven, occurred outside of New York, and were completed prior to the time any reports would or could have been filed with the American Stock Exchange. Moreover, no facts are alleged to indicate that these reports, if any, were prepared in New York. It is more likely that they were prepared in Utah, where New Park maintained its principal office.

Accordingly, as to defendants R. L. Cranmer and Peter Joralemon, venue as to the second, fourth and sixth causes of action is improper under the 1934 Act. In the absence of venue under the 1934 Act there is no other basis for venue as to either these causes of action or the common law causes of action alleged against these defendants.[8] The complaint will therefore be dismissed for improper venue as to these defendants. The dismissal of the complaint makes it unnecessary to consider whether this Court acquired personal jurisdiction over these defendants with respect to the common law causes of action alleged in the complaint as a result of the service of

---

5. Under Section 3(a) (13) of the 1934 Act, 15 U.S.C. § 78c(a) (13), plaintiffs' agreement to purchase Yale Gold stock is itself a purchase.

6. The venue provisions of Section 22 of the 1933 Act need not be considered here because they are the same as or narrower than those of Section 27 of the 1934 Act.

7. Plaintiffs state in opposition to defendants' motion, that New Park was listed on the American Stock Exchange at all times material to this action, and that

New Park was therefore required under the 1934 Act to file with the Securities & Exchange Commission and the American Stock Exchange reports on Forms 8–K and 10–K.

8. Venue as to the common law causes of action asserted against these defendants cannot be based upon the general venue statute, 28 U.S.C. § 1391, since this district is not one within which all plaintiffs or all defendants reside.

process that was effected upon these defendants outside New York.

Defendant W. H. H. Cranmer's motion to dismiss the second, fourth and sixth causes of action is denied.

Settle order on notice.