**SECURITIES AND EXCHANGE COM-MISSION, Plaintiff,**

**v.**

**NATIONAL SECURITIES, INC., a corporation, National Life & Casualty Insurance Company, a corporation, Robert H. Wallace, Robert C. Bohannan, Jr., Arthur W. Saffert, Ted Wilkins, John S. Barrett, Joseph B. Setter, Breeferd W. Large, Jr. and Producers Life Insurance Company, a corporation (also known as National Producers Life Insurance Company), Defendants.**

Civ. No. 5466 Phx.

United States District Court
D. Arizona.

Feb. 14, 1966.

Arthur E. Pennekamp, W. Stevens Tucker and F. E. Kennamer, Jr., Attorneys, SEC, San Francisco, Cal., for plaintiff.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Phoenix, Ariz., for defendants National Securities, Inc.

and National Life & Casualty Ins. Co., Wallace, Bohannan, Saffert, Wilkins, Barrett, Setter, Large and Producers Life Ins. Co.

MATHES, District Judge.

The cause having come before the Court upon defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment; and the motion having been submitted for decision upon the record and briefs on file; and it appearing to the Court that:

1. A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure raises the identical issue posed by a motion under Rule 12(b)(6), namely, whether the complaint states a claim upon which relief can be granted [see: Friedman v. Washburn Co., 145 F.2d 715 (7th Cir. 1944); Art Metal Construction Co. for Use of McCloskey & Co. v. Lehigh Structural Steel Co., 116 F.2d 57 (3rd Cir. 1940); 1A Barron & Holtzoff, Federal Practice & Procedure § 359, p. 398];

2. Plaintiff's Amended and Supplemental Complaint alleges violations of § 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b–5 promulgated thereunder [17 CFR 240.10b–5], arising from defendants' use of the mails in the solicitation of proxies for a proposed consolidation and reorganization of two stock insurance companies; the gist of the charge being that the solicitation material so mailed allegedly contained positive misrepresentations of material facts, and also failed to state material facts necessary to make the statements therein not misleading in light of the circumstances under which they were made;

3. The complaint prays for injunctive relief, and also demands:

"That the Court enter a decree requiring and compelling the defendants and each of them to take all actions and measures which are necessary to rectify and correct the consequences of the wrongful and unlawful conduct of defendants as specified above and to restore Producers Life, National Life, their stockholders and the defendants to the status and economic condition which they occupied prior to April 27, 1964.

"That the Court enter a decree requiring and compelling the defendants and each of them to make an accounting of the extent to which their actions and the actions of the selling directors in violation of Section 10(b) of the Act, 15 U.S.C. § 78j(b), and Rule 17 CFR 240.10b–5, and in derogation of the rights and interest of the stockholders of Producers Life, have resulted in damage to such stockholders, and the extent to which the defendants have been unjustly enriched at the expense of such stockholders; and that, by suitable decree of the Court, the respective equities of the defendants and the stockholders of Producers Life be arranged and adjusted on a fair and equitable basis, including, if warranted on the basis of the accounting made by the defendants, the subordination of the stock interests and other equities of National Securities in National Producers to the interests of those stockholders whose equities have been diminished by reason of the unlawful and wrongful conduct of the defendants.

"That the Commission may have all further relief that the Court may deem just, equitable, and necessary in the circumstances";

4. The acts complained of would fall within the prohibitions of the proxy-solicitation-anti-fraud provision of § 14 of the 1934 Act [15 U.S.C. § 78n], as implemented by Rule 14-9 [17 CFR 240.14a-9], but for the fact that the stock of the insurance companies involved has never been registered on any national securities exchange;

5. Not until sometime during 1966 will the coverage of § 14 be extended, by virtue of the act of August 20, 1964 [78 Stat. 569], to any corporation similarly situated to the insurance companies involved in this action; and then only if not exempted by new § 12(g)(2)(G) of the 1934 Act [15 U.S.C. § 78l(g)(2)(G)]

which excludes "any security issued by an insurance company" provided the insurance company is subject to certain defined State regulation;

6. The legislative history of this new § 12(g)(2)(G) exemption includes, inter alia, the following:

"This * * * amendment was adopted following testimony by a number of State insurance commissioners and representatives of stock insurance companies who unanimously opposed the subjecting of these insurance companies to the jurisdiction of the Securities and Exchange Commission in addition to the jurisdictions of the various State commissioners. Further, these witnesses opposed departure by the bill from the doctrine embodied in the McCarran Act that the regulation of insurance companies be left to the States." [House Report No. 1418, May 19, 1964; 1964 U.S. Code Cong. and Admin.News 3022];

7. Even if it be assumed that § 10(b) would otherwise be applicable to proxy solicitations [but see Borak v. J. I. Case Co., unreported in the District Court, 317 F.2d 838, 846–847 (7th Cir. 1963), aff'd on other grounds, sub nom. J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964)], and that a shareholder-approved corporate consolidation and reorganization is a "purchase or sale" of securities within the meaning of § 10(b) and Rule 10b–5 [compare H. L. Green Co. v. Childree, 185 F.Supp. 95 (S.D.N.Y.1960), and Voege v. American Sumatra Tobacco Corp., 241 F.Supp. 369 (D.Dela.1965), with National Supply Co. v. Leland Stanford Jr. University, 134 F.2d 689 (9th Cir. 1943), and Sawyer v. Pioneer Mill Co., 190 F.Supp. 21 (D.Hawaii 1960), remanded 300 F.2d 200 (9th Cir. 1962), cert. den., 371 U.S. 814, 83 S.Ct. 24, 9 L.Ed.2d 55 (1962)], there still remains the question of whether the McCarran Act [59 Stat. 33, 15 U.S.C. §§ 1011–1015] does not preclude the application in this case of § 10(b), as implemented by Rule 10b–5;

8. 15 U.S.C. § 1012(b) states, in part:

"No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance * * *.";

9. The law of Arizona requires that any proposed merger of stock insurance companies be submitted to the Director of Insurance for his approval in accordance with the criteria set forth in A.R.S. § 20–731, which reads as follows:

"A. A domestic stock insurer of any kind may merge or consolidate with another domestic or foreign stock insurer by complying with the provisions of general law governing the merger or consolidation of stock corporations formed for profit, but subject to subsection B of this section.

B. No such merger or consolidation shall be effectuated unless in advance thereof the plan and agreement therefor have been filed with and approved in writing by the director of insurance. The director shall give his approval within a reasonable time after filing unless he finds the plan or agreement:

1. Is contrary to law.

2. Inequitable to the stockholders of any domestic insurer involved.

3. Would substantially reduce the security of service to be rendered to policyholders of the domestic insurer in this state or elsewhere.";

10. Arizona law further provides for an appeal to the State courts from a decision of the Director of Insurance made under the authority of A.R.S. § 20–731 [see A.R.S. §§ 20–161—20–166];

11. Moreover, the remedies which the Securities and Exchange Commission may seek in this Court are governed by § 21(e) of the 1934 Act, which provides:

"Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this chapter, or of any rule or regulation thereunder, it may in its discretion

bring an action in the proper district court of the United States or the United States courts of any Territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond. The Commission may transmit such evidence as may be available concerning such acts or practices to the Attorney General, who may, in his discretion, institute the necessary criminal proceedings under this chapter." [15 U.S.C. § 78u(e)]; and

▋ 12. The allegations of the Amended and Supplemental Complaint at bar, if taken to be true, are insufficient to warrant issuance of an injunction against future violations of § 10(b) and Rule 10b–5, since the requested relief of invalidation by this Court of the corporate merger, now finally approved by the Arizona Director of Insurance pursuant to A.R.S. § 20–731, would at least "impair", if not "invalidate" or "supercede", laws enacted by the State of Arizona "for the purpose of regulating the business of insurance", within the meaning of the applicable provisions of the McCarran Act [15 U.S.C. § 1012(b)]; and

▋ 13. Finally, plaintiff's demand for relief allegedly "necessary to rectify and correct the consequences of the wrongful and unlawful conduct of defendants", includes a prayer for an accounting for unjust enrichment and other relief, which would be inappropriate (cf. Note, 79 Harv.L.Rev. 656 (1966); but see: III Loss, Securities Regulation 1824–1829 (2nd Ed. 1961); Cary, Book Review, 75 Harv.L.Rev. 857, 861 (1962)], and would, in all events, fall outside the scope of available relief provided in § 21(e) of the 1934 Act [15 U.S.C. § 78u(e)];

Accordingly, it is ordered that defendants' motion for judgment on the pleadings is hereby granted.

It is further ordered that defendants serve and lodge with the Clerk of the Court, within ten days from the date of this order, an appropriate form of judgment, which shall provide that plaintiff's action be dismissed without costs to any party, and that the judgment shall not constitute an adjudication upon the merits [Rule 41(b), Fed.Rules Civ.Proc.].

It is further ordered that the Clerk promptly serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.