**Leo VINE, Plaintiff,**

**v.**

**BENEFICIAL FINANCE COMPANY, Inc., Charles H. Dowd, Stuart A. Wixson, George J. Springer, C. H. Donohue and Crown Finance Company, Inc., Defendants.**

United States District Court
S. D. New York.

Feb. 23, 1966.

Berman & Powers, by Lawrence M. Powers, New York City, for plaintiff.

Dewey, Ballantine, Bushby, Palmer & Wood, by Wilkie Bushby, New York City, for defendant Beneficial Finance Co., Inc.

BONSAL, District Judge.

Defendant Beneficial Finance Company, Inc. (Beneficial), a Delaware corporation, moves pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint in this action for lack of jurisdiction and failure to state a claim on which relief can be granted.

Plaintiff, a resident of New York, record holder of 100 shares of Class A common stock of Crown Finance Company, Inc. (Crown), a Delaware corporation, instituted this action to recover damages on behalf of himself and the other Class A stockholders similarly situated, arising from an allegedly fraudulent scheme of merger undertaken by the defendant Beneficial and the former directors of Crown. Plaintiff bases his claim on Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission, and on the common law, and asserts jurisdiction under Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa) and on diversity of citizenship (28 U.S.C. § 1332).

■ For the purposes of this motion to dismiss, the factual allegations of the complaint are accepted as true. Arfons v. E. I. Du Pont De Nemours & Co., 261 F.2d 434 (2d Cir. 1958); Cochran v. Channing Corp., 211 F.Supp. 239 (S.D. N.Y. 1962); 2 Moore, Federal Practice, ¶ 12.08, at 2244–45 (2d ed. 1964).

While the amended complaint (complaint) is diffuse and certainly not a model of short and concise pleading (Rule 8, Fed.R.Civ.P.), the following facts appear to be alleged:

Crown was a relatively small, publicly owned finance company. It had outstanding two classes of stock, Class A and Class B, with equal voting rights except that the holders of the Class B stock were entitled as a class to elect two-thirds of the members of the Board of Directors. Forty-six thousand, five hundred shares of Class B stock were outstanding, which were held by the directors of Crown, and 624,870 shares of Class A stock were outstanding in the hands of the public. It is alleged that the holders of the Class A stock were entitled to 80% of any dividends, and upon liquidation of Crown, would receive approximately 99% of the assets of the company.

The complaint alleges that in the spring of 1963 Beneficial decided to acquire Crown and to merge it into Beneficial's national network of personal loan offices. To achieve this end, it is alleged that Beneficial approached the directors of Crown, who were the holders of the Class B stock, and together they devised a fraudulent scheme to defeat the rights of the holders of the Class A stock. The alleged fraudulent scheme involved three steps: (1) a purchase by Beneficial of the Class B stock from the directors of Crown; (2) a public offer or tender by Beneficial to the holders of the Class A stock to acquire 95% of the total outstanding shares of Crown; and (3) a short form merger of Crown into a wholly-owned New York subsidiary of Beneficial which would result in the ac-

quisition of the remaining shares of Class A stock.

Acting pursuant to this allegedly fraudulent scheme, the complaint alleges that Beneficial purchased the Class B stock from the directors of Crown for $900,000. Thereafter, Beneficial offered to purchase Class A shares and purchased sufficient shares to give them 95% of the Class A stock for an outlay of $800,000. Thereafter, on September 30, 1965, Crown was merged into a wholly-owned subsidiary of Beneficial in New York under Section 905 of the New York Business Corporation Law, McKinney's Consol.Laws, c. 4 (short form merger). The complaint alleges that the total of $1,700,000 paid to the Class B and Class A stockholders was at least $800,000 below the true worth of Crown as a going concern. The complaint further alleges that if Beneficial had acquired the assets of Crown, the Class B stock would have received less than 1% of the purchase price in a subsequent liquidation of Crown, whereas under the allegedly fraudulent scheme they received approximately 50%.

The complaint charges that in its public offer to purchase Class A stock, Beneficial made misleading statements as to the financial condition of Crown and omitted to state material facts as to the rights of the Class A stock in violation of the Securities Exchange Act (Section 10(b) and Rule 10b–5). The complaint asserts a "spurious" class action on behalf of the plaintiff and all other Class A shareholders by reason of this alleged fraudulent scheme, based both upon the Securities Exchange Act and the common law.

Defendant Beneficial contends that plaintiff does not come within the ambit of the Securities Exchange Act, Section 10(b) and Rule 10b–5, since he did not accept Beneficial's offer for his Class A stock and he has not surrendered his stock certificates under the short form merger. Therefore, if a fraud was committed with respect to the plaintiff, it was not in connection with the purchase or sale of any security. Accordingly, argues Beneficial, the plaintiff was not a defrauded seller under Section 10(b). Birnbaum v. Newport Steel Corp., 193 F.2d 461, 464 (2d Cir. 1952), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952); New Park Mining Co. v. Cranmer, 225 F.Supp. 261, 266 (S.D.N.Y. 1963).

The courts have liberally construed the phrase "in connection with the purchase or sale of any security," Cooper v. North Jersey Trust Co., 226 F.Supp. 972 (S.D. N.Y.1964); New Park Mining Co. v. Cranmer, supra; Pettit v. American Stock Exchange, 217 F.Supp. 21 (S.D. N.Y.1963); Stockwell v. Reynolds & Co., S.D.N.Y., Sept. 22, 1965, 252 F.Supp. 215, but in each of these cases the plaintiff was a seller of securities and alleged that the fraud had induced the sale. Accepting the complaint as true, it would appear that the Class A stockholders who sold to Beneficial may have a cause of action against it, but this does not aid the plaintiff. As stated in Kremer v. Selheimer, 215 F.Supp. 549 (E.D.Pa. 1963): "It is not sufficient to show that a third person, in a separate transaction, was defrauded."

■ Plaintiff, however, relies on Voege v. American Sumatra Tobacco Corp., 241 F.Supp. 369 (D.Del.1965). In that case the court upheld a complaint as stating a cause of action under Section 10(b) of the Securities Exchange Act which alleged the fraudulent acquisition of stock followed by a Delaware short form merger even though plaintiff did not sell his stock. But Voege involved Delaware law, while this action involves New York law. Both Delaware and New York provide the method by which nonassenting stockholders may obtain an appraisal of their stock, but the New York law contains a saving clause not present in the Delaware statute. Section 623(k) of the New York Business Corporation Law provides that the appraisal proceeding "shall not exclude the right of such shareholder to bring or maintain an appropriate action to obtain relief on the ground that such corporate action will be or is unlawful or fraudulent as to him." Therefore, unlike the situation in Voege,

the New York statute both provides for the plaintiff's right to a fair appraisal and preserves his right to challenge the legality of the merger. Under these circumstances, no reason here exists for attempting to extend the purview of Section 10(b) of the Securities Exchange Act beyond the decisions of this circuit or in seeking to rationalize "in connection with the purchase or sale of any security" to the situation here presented.

 For the foregoing reasons, the plaintiff has not stated a cause of action under the Securities Exchange Act and therefore pendent jurisdiction cannot be applied to his common law cause of action. Nor does the court have diversity jurisdiction under 28 U.S.C. § 1332 as to his common law action. While diversity of citizenship exists between the plaintiff and Beneficial, the only defendant served, the complaint does not satisfy the $10,000 federal jurisdictional requirement. The damage claimed for all 624,870 shares of Class A stock is $1,700,000 or approximately $2.73 per share. Plaintiff's proportion of this claim, as a record holder of 100 Class A shares, would be $273, far below the $10,000 requirement.

This result is not changed by the fact that plaintiff sues on behalf of all Class A stockholders. Although class actions may be maintained pursuant to Rule 23(a)(3) in actions of this type, Oppenheimer v. F. J. Young & Co., 144 F.2d 387 (2d Cir. 1944), the representative of the class in such a "spurious" class action must individually allege the jurisdictional amount and cannot aggregate the claims of the class. Central Mexico Light & Power Co. v. Munch, 116 F.2d 85 (2d Cir. 1940); 3 Moore, Federal Practice, ¶ 23.13 (2d ed. 1964).

Nor can plaintiff satisfy the jurisdictional amount by casting his suit as a derivative action on behalf of Crown. In Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634 (1927), it was held that the law of the state of incorporation governed the right of a dissolved corporation to sue or be sued. Crown was a Delaware corporation and Delaware law provides only for the continuance of actions pending by or against a corporation subsequently merged. 8 Del.C. § 261; compare, N.Y. Business Corporation Law, § 906. The present action was not commenced until October 13, 1965, whereas the merger took place on September 30, 1965. Under these circumstances, the Delaware courts have held that a derivative suit may not be maintained on behalf of the merged corporation. Braasch v. Goldschmidt, 199 A.2d 760, 767 (Ct. of Chan. of Del.1964).

For the reasons stated above, the court lacks jurisdiction of this action, and the complaint fails to state a cause of action on which relief can be granted. Defendant's motion to dismiss is granted.

It is so ordered.