Victor N. **BREDEHOEFT**, Plaintiff,

v.

Holly A. **CORNELL**, James C. Howland, Thomas B. Hayes, Fred Merryfield, Archie H. Rice and Ralph E. Roderick, Defendants.

Civ. No. 66–408.

United States District Court
D. Oregon.

Oct. 31, 1966.

James Eickelberg and Thompson Snyder, Corvallis, Or., for plaintiff.

John B. Fenner, Corvallis, Or., McColloch, Dezendorf & Spears, John P. Bledsoe, Leigh D. Stephenson, Portland, Or., for defendants.

OPINION AND ORDER

SOLOMON, Chief Judge:

Bredehoeft filed a complaint in which he alleged that the defendants fraudulently induced him to sell his stock in General Service Corporation (GSC) and that he is entitled to recover $15,000 under §§ 10(b) and 27 of the Security Exchange Act of 1934. 15 U.S.C.A. §§ 78j and 78aa. This case is now before me on

the defendants' motion to dismiss that complaint.

Plaintiff was a stockholder and director of GSC. Defendants were also stockholders and directors of GSC, and in addition they were partners in Cornell, Howland, Hayes and Merryfield. In the fall of 1965, the defendants because of their control of GSC were able to secretly transfer two Flomatcher patents from GSC to their partnership.

Shortly after the defendants transferred the patents to their partnership, they negotiated and consummated two sales on behalf of GSC:

One, a sale of the pump control assets of GSC to Flomatcher Co., Inc.; and

Two, a sale of all the capital stock in GSC to Neptune Meter Company.

Plaintiff alleged that the defendants gave him false reports about the terms of these negotiations and sales. These reports concealed three important pieces of information:

First, that the patents were transferred to defendants' partnership;

Second, that the sale of the pump control assets of GSC to Flomatcher Co., Inc., was conditioned on Flomatcher Co., Inc., simultaneously purchasing one of the patents from the defendants' partnership for $230,000; and

Third, that the value of the Flomatcher patents was not included in the purchase price received by the shareholders of GSC for the sale of their stock to Neptune.

Plaintiff asserted that the defendants in violation of § 10(b) of the Act transmitted these false reports by telephone, mail and other instrumentalities of interstate commerce.

§ 10(b) provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails

  *   *   *   *   *   *

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe * * *.

Defendants seek to dismiss the complaint on the grounds that the complaint and the stipulated facts show that:

(1) no instrumentality of interstate commerce was used in connection with the sale;

(2) no wrong was shown to have occurred in connection with the purchase or sale of any security;

(3) no sale occurred within the meaning of § 10(b); and

(4) no act or omission on the part of defendants violates § 10(b) or Rule 10b–5.

The parties stipulated that this sale required the stockholders of GSC to transfer all their shares in GSC to Neptune and in exchange to receive stock in Neptune.

■ I find no merit in the defendants' motion to dismiss. A complaint must be construed in the light most favorable to the plaintiff with all doubts resolved in favor of its sufficiency. Gruen Watch Co. v. Artists Alliance, Inc., 9 Cir. 1951, 191 F.2d 700.

■ Federal Courts are reluctant to dismiss cases without a hearing on the merits. A motion to dismiss will not be granted merely because a claim for relief has been defectively stated. It must affirmatively appear from the allegations that no claim for relief exists. Sidebotham v. Robison, 9 Cir. 1954, 216 F.2d 816.

■ Defendants contend that interstate communication is essential to maintaining a § 10(b) action. However, in this case it does not appear from the allegations that no claim for relief exists. Neither the complaint nor the stipulated facts show that there was no interstate communication.

Moreover the case of Rosen v. Albern Color Research, Inc., E.D.Pa.1963, 218

F.Supp. 473, the only case which holds that interstate communication is essential, is not persuasive. In *Rosen*, the parties stipulated that all the wires carrying the telephone calls were located in Philadelphia. Although the *Rosen* Court considered the statement in Hooper v. Mountain States Securities, 5 Cir. 1960, 282 F.2d 195, 201, that "this private right of action [§ 10(b)] arises where *facilities* of the mail or interstate communications are used," it disregarded the statement because it was dicta and granted the defendant's motion for summary judgment.

Section 10 provides that it is unlawful to do certain acts "by the use of any means or *instrumentality* of interstate commerce or of the *mails*". It appears to me that *Hooper* is more sound than *Rosen*.

Defendants contend that the complaint does not allege a connection between the sale of a security and the defendants' wrongdoing. They rely on Birnbaum v. Newport Steel Corp., 2 Cir. 1952, 193 F.2d 461, cert. denied 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356, and Heit v. Weitzen, S.D.N.Y. June 9, 1966, C.C.H. Fed. Securities L.Rep. ¶ 91,701, for the proposition that mere allegations of fraudulent mismanagement of corporate affairs fail to state a § 10(b) cause of action. The allegations in this complaint charge more than fraudulent mismanagement of corporate affairs. Unlike in *Birnbaum* and in *Heit*, the complaint in this case alleges that the plaintiff was induced to sell his stock for less than its true value because the defendants fraudulently concealed facts from him.

■ Defendants also assert that this is not a § 10(b) case because the plaintiff does not contend that Neptune, the purchaser, was guilty of any unfair dealing. Section 10(b) does not require that if the plaintiff is a seller of a security that the defendant must be the purchaser. It only requires wrongdoing in connection with the purchase *or* sale of a security.

■ Likewise, there is no merit in the defendants' contention that the complaint fails to allege a § 10(b) sale. Sale and sell as defined in § 3(a) (14) of the Act and in the case of H. L. Green Company v. Childree, S.D.N.Y.1960, 185 F. Supp. 95, are broad enough to include an exchange of stock.

Defendants' motion to dismiss is denied. Their alternative motion to make more definite and certain is also denied. This pleading is not so vague or ambiguous that the defendants cannot reasonably be required to frame a response. Rule 12(e) Fed.R.Civ.P. The parties have stipulated to much of the information. The rest is within the knowledge of the defendants or can be obtained by pre-trial discovery devices.