Dr. Hyman C. **HENDLER**, Plaintiff,

v.

Charles **WOHLSTETTER**, Defendant.

No. 74 Civ. 4555.

United States District Court,
S. D. New York.

Sept. 30, 1975.

---

Raphael, Searles, Vischi, Scher, Glover & D'Elia, New York City, for plaintiff; by Robert E. Scher, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant; by David R. Hyde, Leonard A. Spivak, Donald S. Parker, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff has brought this action under § 10 and § 27 of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78j and Rule 10b–5 promulgated thereunder. The defendant now moves for summary judgment dismissing the complaint on the grounds that this Court lacks subject matter jurisdiction and that the action is barred by the doctrines of res judicata and collateral estoppel.

An action under Section 10(b) must allege as a jurisdictional predicate "the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . " The defendant notes that the complaint is defective in this respect and that the absence of the allegation may be an indication that none exists. Plaintiff's attorney argues that the transaction in question must have been accomplished through instrumentalities of interstate commerce or the mails since defendant's agents, who conducted the negotiations, were in Florida and the plaintiff was in New York. In any event plaintiff moves to amend his complaint to include his proposed jurisdictional allegation. The motion is granted and the complaint is deemed amended.

The plaintiff, Dr. Hyman C. Hendler, together with Jack M. Marqusee, owned a parcel of land in Boca Raton, Florida. Through a trustee, the two entered into an option agreement with Hemisphere Hotels Corporation ("Hemisphere") on September 18, 1969. Defendant Charles Wohlstetter, Chairman of the Board and principal shareholder of Hemisphere, negotiated and executed the agreement on behalf of the corporation. The consideration for the proposed sale included promissory notes, mortgage notes and 10,000 shares of Hemisphere common stock. According to the complaint, the option was exercised and the property transferred "sometime in January, 1970."

Dr. Hendler's complaint alleges fraud and misrepresentation on the part of Charles Wohlstetter in describing the financial status and future plans of Hemisphere. The Plaintiff contends that because of these misrepresentations which bore upon the value of the stock, he was induced into transferring the realty.

Defendant's primary argument is that Dr. Hendler is precluded from bringing this action by reason of a judgment entered on May 29, 1974, in a class action suit before Judge Bonsal of this District against Hemisphere, Wohlstetter and others. *Ostroff v. Hemisphere Hotels Corporation*, 172 Civ. 1570 (S.D.N.Y.1974). The stipulation of settlement as approved by the Court provided for payment of $400,000 and incorporated the conditional class determination made by the Court which included:

" . . . all persons who purchased common stock, warrants and/or common stock and warrants of the defendant, HEMISPHERE HOTELS CORPORATION ("HEMISPHERE") pursuant to and/or following the Registration Statement and Prospectus of December 23, 1969 . . . ."

Plaintiff urges that he is not a member of this class because he acquired the stock in an exchange rather than a purchase, he did not rely on either the Registration Statement or Prospectus and, finally, the acquired stock was unregistered investment stock. I find that the plaintiff is a member of the class bound by the earlier judgment.

■ The term "purchased" used by the Court in determining the class is certainly broad enough to embrace a transfer of real property in exchange for stock and other good consideration. In fact, the Act under which the plaintiff brings this suit requires that a "sale" be alleged. *See* § 3(a)(14), Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(14) defining sale to "include any contract to sell or otherwise dispose of" securities such as those involved in the case at bar. *See also H. L. Green Company v. Childree*, 185 F.Supp. 95 (S.D.N.Y.1960) (exchange of stock held to be a sale.)

■ Plaintiff claims that his lack of reliance on the Registration Statement excludes him from the class. However, in the first action the Court defined the class to include all those who purchased the stock "pursuant to and/or *following* the Registration Statement and Prospectus of December 23, 1969 . . . ." (emphasis added). The plaintiff's own complaint alleges that the transfer took place in January of 1970.

For similar reasons plaintiff's contention that his acquisition of unregistered stock held for investment purposes is not within the prior judgment must also fail. The order does not speak in terms of registered or unregistered stock. All purchasers of "common stock, warrants and/or common stock and warrants" of Hemisphere are within the scope of the class. The complaint itself alleges that the agreement with defendant contemplated the transfer of ten thousand shares of "fully paid and non-assessable common stock . . . . "

■ Plaintiff could have excluded himself from the effects of the class action judgment. On March 19, 1974, a notice of the proposed settlement was sent to all shareholders of record as of December 31, 1971. The option was given to each shareholder to exclude one's self from the settlement and judgment. Defendant alleges that notice was sent to the plaintiff and that he did not seek to exclude himself. Plaintiff's affidavit does not deny these

facts. However, counsel's unsworn statement pursuant to Rule 9(g) of this District indicates that the plaintiff denies having sufficient knowledge or information to form a belief as to whether or when he received notice.

Federal Rule 56(e) is clear as to the effect of plaintiff's failure to deny receipt by affidavit.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Since notice has not been denied, I see no reason to depart from the plain language of the Rule.

■ Having determined that plaintiff was a member of the class bound by the original judgment, I must decide whether the same causes of action are alleged arising out of the same subject matter. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation et al.*, 402 U.S. 313, 323, 91 S.Ct. 1434, 1439, 28 L.Ed.2d 788, 796 (1971). The Court of Appeals for this Circuit has denied summary judgment on the ground of res judicata in a Section 10(b) case where the first action was brought in state court but for a different cause of action, breach of fiduciary duty. *Abramson v. Pennwood*, 392 F.2d 759 (2d Cir. 1968); *see also Clark v. Watchie*, 513 F.2d 994 (9th Cir. 1975). Here, however, the causes of action are identical and arise from the same set of facts.

In the original class action suit, the third count contained a broad allegation of violation of Section 10(b), Rule 10(b)–5 and of common law fraud as against the individual defendants, including Wohlstetter. The complaint in the present action, though more detailed, again charges the defendant with violation of Section 10, as well as common law fraud in connection with the sale of Hemisphere stock. The thrust of the complaint is that Wohlstetter and his agents made fraudulent misrepresentations concerning development and construction of the corporation's hotel projects as well as concealment of the nature of a particular loan agreement.

An examination of Judge Bonsal's order demonstrates its intended effect on future litigation:

"ORDERED, ADJUDGED AND DECREED, that the members of the Hemisphere Class who have not requested exclusion therefrom are permanently barred and enjoined from instituting or prosecuting, either directly or representatively, any other action, claim or proceeding against the named defendants, . . . which has been *or could have been*, asserted arising from or relating to the matters alleged in the complaint. . . ." (emphasis added).*

I find the matters alleged in the complaint to be within the ambit of the original judgment. Thus, under the doctrine of res judicata this action must be dismissed.

SO ORDERED.

---

\* It is significant though not necessarily determinative, that the subject matter of all but one of the alleged misrepresentations were referred to in the Prospectus. (financial problems of Hemisphere at 8–12, 35–45; pending litigation at 32; extent of Hemisphere's hotel and residential holdings at 3; loan to Security National Bank at 25; Coral Harbour project at 3, 16–17, 24; Boca Raton project at 16). The remaining allegation of fraud concerned the possible participation of Howard Hughes in developing the Boca Raton property. Certainly this is the type of claim of fraud that "could have been" asserted in the original action.